**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Regina A. Habermas, Esq.
Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 23-70353

Attorneys for *Secured Creditor* JPMorgan Chase Bank, National Association

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No. 23-10127-mkn |
| VICKIE MARIE STARK, | Chapter 13 |
| Debtor. | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |

## OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

JPMorgan Chase Bank, National Association ("Creditor"), Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits the following Objection to Confirmation of Chapter 13 Plan ("Objection") proposed by the Debtor, Vickie Marie Stark ("Debtor").  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

### I.    STATEMENT OF FACTS

Creditor's claim is evidenced by a promissory note executed by Debtor and dated May 23, 2019, in the original principal sum of $444,000.00 (the "Note").  The Note is secured by a deed of trust (the "Deed of Trust") encumbering the real property commonly known as 11130 Scotscraig Ct, Las Vegas, NV 89141 (the "Property").  Creditor holds possession of the Note, which is indorsed in blank.  The beneficial interest in the Deed of Trust was also

1

subsequently transferred to Creditor.  Together, the Note and Deed of Trust are collectively referred to hereafter as the "Loan."

Creditor is in the process of finalizing its proof of claim for this matter and estimates that its total secured claim is in the approximate amount of $429,060.25 and that its pre-petition arrearage claim is in the approximate amount of $8,838.58.  As of the Petition date, the loan was contractually due for the November 1, 2022 payment and the monthly payment was $3,082.31 and subject to change pursuant to the terms of the Note and Deed of Trust.

On January 16, 2023, Debtor filed the above-captioned bankruptcy action.  It was not until more than one month later, on February 21, 2023, that the Debtor filed Chapter 13 Plan #1.  *See* Instant Bankruptcy Docket Number 17.  The Plan proposes that Debtor will make variable monthly payments to the Trustee totaling $462,750.00 over sixty (60) months.  *Id*.  The Plan proposes initial monthly payments of $2,250.00 for the first three (3) months, followed by monthly payments of $8,000.00 for the remaining 57 months of the Plan term.  *Id*.  With respect to Creditor's claim, the Plan provides that ongoing monthly payments of $3,200.00 will be made directly by the Debtor, but fails to provide for the cure of the pre-petition arrears owed on The Loan.  *Id*.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.    ARGUMENT

The provisions of 11 United States Code ("U.S.C.") Section 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan.  The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation.  Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren), 89 B.R. 87, 93 (9th Cir. BAP 1988).  For the reasons detailed herein, the Debtor fails to meet this burden.

/././

/././

/././

2

**A.      THE PLAN FAILS TO PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED UNDER 11 U.S.C. §1322(b)(5).**

Section 1322(b)(5) of the Bankruptcy Code provides for the curing of any default on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan.  Creditor's secured claim includes approximately $8,838.58 in pre-petition arrears; however, the Plan fails to provide for the cure of those arrears.  The Property is the Debtor's primary residence and so Creditor's claim cannot be modified pursuant to 11 U.S.C. §1322(b)(2).  As the Plan fails to promptly cure Creditor's pre-petition arrears, it cannot be confirmed as proposed.

**B.      THE PLAN FAILS TO PROPERLY PROVIDE FOR ONGOING POST-PETITION PAYMENTS.**

Section 1322(b)(5) of the Bankruptcy Code also requires the maintenance of post-petition payments on a secured or unsecured claim on which the final payment is due after the proposed final payment under the plan.  11 U.S.C. § 1322(b)(5).  Here, the Loan matures on June 1, 2049, which is after the term of the Plan.  However, the Plan fails to provide properly for ongoing post-petition payments because it fails to comply with Local Rule 3015 because the ongoing monthly payments owed to Creditor should be classified as conduit payments rather than direct payments.  Local Rule 3015(g)(1) states:

> For all chapter 13 cases filed on or after October 1, 2013, if there is a pre-petition arrearage on a claim secured by real property or a vehicle of the debtor, or if the debtor becomes more than one month delinquent on any post-petition installment payments to such a creditor, then all post-petition installment payments to the creditor must be made through the chapter 13 trustee as conduit payments.  A debtor may be excused from this mandatory conduit payment requirement upon a showing of good cause.  An increase in trustee's fees as a result of the conduit payment requirement shall not constitute good cause.

As noted above, Debtor's loan is contractually due for November 1, 2022 and, therefore, had been in default for three months when the above-captioned action was filed.  Creditor estimates the pre-petition arrears owed on the loan total $8,838.58.  In addition, Debtor has failed to make the post-petition payments that came due on February 1, 2023

and March 1, 2023, which should have been made directly to Creditor under the proposed Plan.

Yet, Debtor's Plan ignores the post-petition arrears owed to Creditor and fails to comply with the Court's local rules by proposing direct monthly payments rather than conduit payments. The ongoing monthly payments owed to Creditor should be reclassified as conduit payments in order to protect Creditor from further default and provide recourse by the Trustee in the event of further default by Debtor. Because the Plan fails to properly provide for the maintenance of post-petition payments on Creditor's secured claim, it cannot be confirmed as proposed.

## C.    THE CHAPTER 13 PLAN IS INFEASIBLE.

Pursuant to 11 U.S.C. Section 1325(a)(6), a court shall not confirm a plan unless the debtor will be able to make all payments under the plan. Debtor's Schedule J states that the Debtor has a net monthly income of $2,705.50. *See* Docket Number 15. Additionally, Debtor does not expect an increase or decrease in income or expenses. *Id*.

Although Debtor appears to have the ability to make the first three proposed Plan payments, Debtor has insufficient monthly income to fund the Plan starting in month 4 and properly provide for Creditor's secured claim. In addition, pursuant to the proposed Plan, Debtor's first payment to the Trustee was due on February 16, 2023. However, the Debtor has failed to make any payments to the Trustee as of the date of this Objection. A copy of the Trustee's Ledger is attached hereto as **Exhibit "1"** and is incorporated herein by reference.

Finally, despite proposing direct mortgage payments in the Plan, Debtor has failed and refused to make the post-petition mortgage payments to Creditor and is and additional two months in default under the Loan now. Accordingly, the Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed. Accordingly, the Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed.

4

Any Chapter 13 Plan proposed by the Debtor must provide for and eliminate the Objections specified above in order to be feasible and to provide adequate protection to this Creditor. As it fails to do so, it is respectfully requested that Confirmation of the Chapter 13 Plan as proposed by the Debtor be denied.

WHEREFORE, Creditor prays as follows:

1. That confirmation of the proposed Chapter 13 Plan be denied;

2. For attorney's fees and costs incurred herein;

3. For such other and further relief as this Court deems just and proper.

DATED this 17th day of March, 2023.

**TIFFANY & BOSCO, P.A.**

By /s/ Regina A. Habermas, Esq.
**REGINA A. HABERMAS, ESQ.**
Attorney for Secured Creditor
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

# EXHIBIT "1"

# EXHIBIT "1"

**PRINT INQUIRY**     Close Window     Click Here to Print this Page 🖨

| 23-10127-MKN | VICKIE MARIE STARK (xxx-xx-0702) | 11130 SCOTSCRAIG CT. ● ● LAS VEGAS ● NV ● 89141 | $2,250.00 MO | Bar Date(s): | 3/27/2023  7/15/2023 |
|---|---|---|---|---|---|
| | | | | Confirmed: | Not Confirmed |
| | Trustee: Rick A. Yarnall | Attorney: FAIR FEE LEGAL SERVICES | | Case Status: | ACTIVE |

## Debtor Pay Schedules

| Start Date | Number Periods | Amount | How Often | Who's Paying | Order Date | Action |
|---|---|---|---|---|---|---|
| 2/16/2023 | 3.00 | $2,250.00 | MONTHLY | VICKIE MARIE STARK | 2/22/2023 | |
| 5/16/2023 | end of plan | $8,000.00 | MONTHLY | VICKIE MARIE STARK | 2/22/2023 | |

**Forgive Information**

| Date | Amount | Description |
|---|---|---|
| | | |

Payments Expected for Step 1:

| Period | Start Date | End Date | Payment Amount Expected | Total |
|---|---|---|---|---|
| 1 | 2/16/2023 | 3/15/2023 | $2,250.00 | $2,250.00 |
| 2 | 3/16/2023 | 4/15/2023 | $2,250.00 | $4,500.00 |
| 3 | 4/16/2023 | 5/15/2023 | $2,250.00 | $6,750.00 |
| Total | | | | **$6,750.00** |

Payments Expected for Step 2:

| Period | Start Date | End Date | Payment Amount Expected | Total |
|---|---|---|---|---|
| 1 | 5/16/2023 | 6/15/2023 | $8,000.00 | $8,000.00 |
| 2 | 6/16/2023 | 7/15/2023 | $8,000.00 | $16,000.00 |
| 3 | 7/16/2023 | 8/15/2023 | $8,000.00 | $24,000.00 |
| 4 | 8/16/2023 | 9/15/2023 | $8,000.00 | $32,000.00 |
| 5 | 9/16/2023 | 10/15/2023 | $8,000.00 | $40,000.00 |
| 6 | 10/16/2023 | 11/15/2023 | $8,000.00 | $48,000.00 |
| 7 | 11/16/2023 | 12/15/2023 | $8,000.00 | $56,000.00 |
| 8 | 12/16/2023 | 1/15/2024 | $8,000.00 | $64,000.00 |
| 9 | 1/16/2024 | 2/15/2024 | $8,000.00 | $72,000.00 |
| 10 | 2/16/2024 | 3/15/2024 | $8,000.00 | $80,000.00 |
| 11 | 3/16/2024 | 4/15/2024 | $8,000.00 | $88,000.00 |
| 12 | 4/16/2024 | 5/15/2024 | $8,000.00 | $96,000.00 |
| 13 | 5/16/2024 | 6/15/2024 | $8,000.00 | $104,000.00 |
| 14 | 6/16/2024 | 7/15/2024 | $8,000.00 | $112,000.00 |
| 15 | 7/16/2024 | 8/15/2024 | $8,000.00 | $120,000.00 |
| 16 | 8/16/2024 | 9/15/2024 | $8,000.00 | $128,000.00 |
| 17 | 9/16/2024 | 10/15/2024 | $8,000.00 | $136,000.00 |
| 18 | 10/16/2024 | 11/15/2024 | $8,000.00 | $144,000.00 |
| 19 | 11/16/2024 | 12/15/2024 | $8,000.00 | $152,000.00 |
| 20 | 12/16/2024 | 1/15/2025 | $8,000.00 | $160,000.00 |
| 21 | 1/16/2025 | 2/15/2025 | $8,000.00 | $168,000.00 |
| 22 | 2/16/2025 | 3/15/2025 | $8,000.00 | $176,000.00 |
| Total | | | | **$176,000.00** |

Breakdown for Combined Schedules

| Period | Date (Month/Year) | Payment Due | Payment Received | Forgive Amount | Amount Due |
|---|---|---|---|---|---|
| 1 | 2/2023 | $2,250.00 | | | $2,250.00 |
| 2 | 3/2023 | $2,250.00 | | | $4,500.00 |

**Total Delinquent Amount: $4,500.00**

**TIFFANY & BOSCO, P.A.**
Krista J. Nielson, Esq.
Nevada Bar No. 10698
Regina A. Habermas, Esq.
Nevada Bar No. 8481
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File No. 23-70353

Attorneys for *Secured Creditor* JPMorgan Chase Bank, National Association

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | BK Case No.: 23-10127-mkn |
| VICKIE MARIE STARK, | Chapter 13 |
| Debtor, | **CERTIFICATE OF SERVICE** |

### CERTIFICATE OF SERVICE

1.  On this 17th day of March, 2023, I served the following documents:

**OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN**

2.  I caused to be served the above-named document by the following means to the persons as listed below:

　　X  **a. ECF System**

　　　　Seth D Ballstaedt
　　　　help@bkvegas.com
　　　　Attorney for Debtor

　　　　Rick A. Yarnall
　　　　ecfmail@LasVegas13.com
　　　　Trustee

1

X   **b. United States mail, postage fully prepaid:**

Seth D. Ballstaedt
8751 W. Charleston Blvd Suite 220
Las Vegas, NV 89117
Attorney for Debtor

Vickie Marie Stark
11130 Scotscraig Ct.
Las Vegas, NV  89141-4333
Debtor

**I declare under penalty of perjury the foregoing is true and correct.**

DATED this 17th day of March, 2023.


By:  /s/ Michelle Benson

2